IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARALLEL SEPARATION INNOVATIONS LLC,<br><br>            Plaintiff,<br><br>v.<br><br>SCHLUMBERGER N.V. (SCHLUMBERGER LIMITED); SCHLUMBERGER TECHNOLOGY CORPORATION; SMITH INTERNATIONAL ACQUISITION CORP.; and M-I L.L.C. dba M-I SWACO,<br><br>            Defendants. | Civil Action No. 2:14-cv-00549<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Parallel Separation Innovations LLC files this Complaint against Defendants Schlumberger N.V. (Schlumberger Limited), Schlumberger Technology Corporation, Smith International Acquisition Corp., and M-I, L.L.C. dba M-I SWACO (collectively "Schlumberger"), as follows:

**THE PARTIES**

1.      Plaintiff Parallel Separation Innovations LLC ("PSI") is a Texas limited liability company with a place of business in Texas.

2.      Defendant Schlumberger N.V. (Schlumberger Limited) is a corporation organized under the laws of Curaçao, Netherlands Antilles, with a place of business in Houston, Texas.

3.      Defendant Schlumberger Technology Corporation is a Texas corporation with a place of business in Sugar Land, Texas.

4. Defendant Smith International Acquisition Corp. is a Delaware corporation with a place of business in Houston, Texas.

5. Defendant M-I L.L.C. dba M-I SWACO is a Delaware limited liability company with a place of business in Houston, Texas.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Schlumberger is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Schlumberger, within this district, directly and/or through intermediaries, has advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or has induced the sale and use of infringing products. Further, on information and belief, Schlumberger is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b). On information and belief, from and within this Judicial District, Defendants have committed at least a portion of the infringements at issue in this case. Without limitation, on information and belief, within this district Defendants, directly and/or through intermediaries, have a) advertised (including through websites), used, offered to sell, sold, licensed and/or distributed infringing devices; and b) induced the use of infringing devices by others. Without

limitation, on information and belief, venue is also proper because Defendants reside in this Judicial District since they each have contacts within this Judicial District sufficient to subject them to personal jurisdiction if this Judicial District were a separate state.

## BACKGROUND

9. United States Patent No. 5,593,582 ("the '582 patent"), entitled "Two for One Shale Shaker," was duly and legally issued on January 14, 1997 after a full and fair examination.

10. The '582 patent was originally issued to its sole inventor, Mr. John W. Roff, Jr. On or about November 18, 2008, John Roff assigned all rights in and to the '582 patent to his son Jay Roff. Thereafter, on or about November 13, 2012, Jay Roff and the widow of the late John W. Roff, Jr. entered into an Agreement with Acacia Research Group LLC ("Acacia Research"). Pursuant to that Agreement, on or about January 7, 2013, Acacia Research acquired all rights in and to the '582 patent. On or about March 21, 2014, Acacia Research assigned all rights in and to the '582 patent to its wholly owned subsidiary PSI.

11. Accordingly, PSI is the owner by assignment of all substantial rights in and to the '582 patent, including without limitation, the right to grant licenses and to sue for and collect past damages and any other relief for infringement of the '582 patent. Therefore, PSI has standing to bring this lawsuit for infringement of the '582 patent.

## COUNT I – INFRINGEMENT OF THE '582 PATENT

12. Schlumberger has directly infringed at least claim 1 of the '582 patent by actions comprising making, using, selling, offering for sale and/or importing shale shaker devices, such as its MD-3 Shale Shaker and any similar shale shaker devices, having (a) a mud box; (b) a first feed inlet; (c) a first screen positioned below said first feed inlet and having two sides; (d) a second feed inlet; (e) a second screen positioned below said second feed inlet and said first

screen; said first feed inlet and said second feed inlet in fluid communication with said mud box; (f) a mud tank located below said second screen; and (g) a bypass mechanism in fluid communication with the side of said first screen opposite the side facing said first feed inlet, said bypass mechanism in fluid communication with said mud tank.  The information described above relating to the foregoing MD-3 Shale Shaker was obtained exclusively from publicly available sources, including brochures and an animated video on Schlumberger's website at http://www.slb.com/services/miswaco/services/solids_control/shakers/md_3.aspx.

13.   Schlumberger has had actual knowledge of the '582 patent for some time.  For example, at least as early as May of 2012, Schlumberger's outside patent prosecution counsel, and on information and belief Schlumberger's in-house patent counsel and certain of its key technical employees including its Director of Engineering at M-I SWACO, learned of the '582 patent as Schlumberger was attempting to procure patent rights of its own relating to the accused MD-3 Shale Shaker.  On information and belief, at least the foregoing persons associated with Schlumberger thereafter recognized the applicability of the '582 patent to the accused MD-3 Shale Shaker and/or similar shale shakers.  The information described in this paragraph was obtained exclusively from publicly available sources, including Google Patents, Public PAIR and LinkedIn.

14.   On information and belief, at least at early as May of 2012 when Schlumberger learned of the '582 patent, Schlumberger also indirectly infringed the '582 patent by actively inducing others to directly infringe.  Such direct infringers included Schlumberger's direct and indirect customers, including for example and without limitation, end users such as those involved with drilling operations in which the accused MD-3 Shale Shaker and/or similar shale shakers were employed.  Schlumberger's acts of inducing infringement included marketing,

promoting (including providing instructions for use), selling, offering for sale and/or importing the accused MD-3 Shale Shaker and/or similar shale shakers. On information and belief, at least at early as April of 2012 when Schlumberger learned of the '582 patent, Schlumberger knew that the activities of the foregoing third parties constituted direct infringement of the '582 patent and had specifically intended the foregoing third parties to directly infringe the '582 patent.

## OTHER ALLEGATIONS

15. As a result of Schlumberger's infringing conduct, Schlumberger has damaged PSI. Schlumberger is liable to PSI in an amount that adequately compensates PSI for their infringement, which by law, can be no less than a reasonable royalty.

16. On information and belief, at least since learning of '582 patent, Schlumberger studied the claims of the '582 patent and compared them with the foregoing accused products, thereby obtaining knowledge of its infringements. On information and belief, at least since receiving notice of the '582 patent, Schlumberger took no action to stop or lessen the extent of its own direct infringement, nor did it take any steps to stop or lessen the extent of the direct infringement of the above-referenced third party direct infringers. On information and belief, Schlumberger did not take any steps to redesign its infringing products to avoid infringement, nor did it seek a license from the owner of the '582 patent, nor did it took any action to warn its direct and indirect customers of their infringements of the '582 patent. Accordingly, on information and belief, at least since shortly after obtaining actual knowledge of the '582 patent, Schlumberger acted in an objectively reckless manner, which justifies a finding that its infringements was willful.

## PRAYER FOR RELIEF

WHEREFORE, PSI respectfully requests that this Court enter:

1. A judgment in favor of PSI that Schlumberger has infringed the '582 patent;

2. A judgment in favor of PSI that Schlumberger has willfully infringed the '582 patent;

3. A judgment and order requiring Schlumberger to pay PSI its damages, costs, expenses, fees and prejudgment and post-judgment interest for its infringement of the '582 patent as provided under 35 U.S.C. §§ 284 and/or 285; and

4. Any and all other relief to which PSI may show itself to be entitled.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PSI requests a trial by jury of any issues so triable by right.

April 25, 2014

Respectfully submitted,

/s/ *Henry Pogorzelski*
Henry M. Pogorzelski – Lead Counsel
Texas Bar No. 24007852
Michael J. Collins
Texas Bar No. 04614510
John J. Edmonds
Texas Bar No. 789758
Stephen F. Schlather
Texas Bar No. 24007993
**COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC**
1616 S. Voss Road, Suite 125
Houston, TX 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
Email: hpogorzelsk@cepiplaw.com
Email: mcollins@cepiplaw.com
Email: jedmonds@cepiplaw.com
Email: sschlather@cepiplaw.com

L. Charles van Cleef
Texas Bar No. 00786305

- 7 –

        CHARLES VAN CLEEF,
        ATTORNEY AT LAW, PC
        PO Box 2432
        Longview, TX 75606-2432
        Telephone:  (903) 248-8244
        Facsimile:  (903) 248-8249

        ATTORNEYS FOR PLAINTIFF PARALLEL
        SEPARATION INNOVATIONS LLC.